## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KEVIN JOSEPH FOTI,

       Plaintiff,

vs.                                          No. CIV 14-0667 JB/SMV

BERNALILLO COUNTY NEW MEXICO;
METROPOLITAN DETENTION CENTER;
DAVID VIGIL, Chief of Corrections;
TOM ZDYNEK, County Manager;
TOM SWISSTACK, Deputy County Manager;
CHC MEDICAL; SERVICES & CONTRACTORS,
and each of them,

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court, under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the

Federal Rules of Civil Procedure, on: (i) the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983,

filed July 23, 2014 (Doc. 1)("Complaint"); (ii) the Motion to Produce Discovery and Request for

Scheduling Order, filed August 25, 2014 (Doc. 7)("Motion to Produce"); and (iii) the Plaintiff's

Motion for Default Judgement [sic] 4-33 For No Answer or Motion Response to Complaint, filed

September 17, 2014 (Doc. 10)("MDJ").   Plaintiff Kevin Joseph Foti is incarcerated, appears pro

se, and is proceeding in forma pauperis.   For the reasons set out below, the Court will deny the

pending motions and dismiss certain of Foti's claims.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under

§ 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on

which relief may be granted."   The Court also may dismiss a complaint *sua sponte* under rule

12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently

obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."   Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)).   A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing Foti's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.   See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that, before Foti was incarcerated, X-rays had revealed that his right hip joint is bone-on-bone.   See Complaint at 3.   The condition has caused him severe pain, and surgery had been prescribed in the months preceding his incarceration.   See Complaint at 3. When Foti was incarcerated, he sought treatment for the condition, but the Defendants have denied that the condition exists and denied his requests for surgery.   See Complaint at 3.   Foti also requires prescription eyeglasses, which likewise have been denied.   See Complaint at 5.   He asserts that certain of his property was confiscated at the time of his arrest and not returned, preventing him from posting bail.   See Complaint at 13-14.   Foti contends that the Defendants' actions have violated a number of his constitutional protections, and he seeks damages as well as equitable relief.   See Complaint at 6-8.

No relief is available on Foti's claims against Defendants Bernalillo County or Metropolitan Detention Center ("Detention Center").   First, Foti makes no factual allegations against Bernalillo County, and, thus, under the rules governing municipal liability in cases brought under 42 U.S.C. § 1983, his Complaint fails to state a claim against Bernalillo County.   "[F]or § 1983 liability against [a] county, plaintiff must allege a constitutional violation by an employee and that municipal policy or custom was [the] moving force."   Martinez v. Montrose Sheriff's

Dep't, 12 F. App'x 837, 838 (10th Cir. 2001)(unpublished)[1](citing Myers v. Okla. Cnty. Bd. of
Cnty. Comm'rs, 151 F.3d 1313, 1318 (10th Cir. 1998)).   The Complaint alleges no such policy or
custom of Bernalillo County.   Second, as the United States Court of Appeals for the Tenth Circuit
has noted, "[d]ismissal against [the Detention Center is] . . . required because a detention facility is
not a person or legally created entity capable of being sued."   Aston v. Cunningham, No. 99-4156,
2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000)(unpublished)(quoted in White v. Utah,
5 F. App'x 852, 853 (10th Cir. 2001)(unpublished)).   The Court will dismiss Foti's claims against
Bernalillo County and the Detention Center.

        The Court will deny Foti's two pending motions.   First, under D.N.M.LR-Civ. 16.3(d),
the Court will deny Foti's Motion to Produce without prejudice.   The Court's pre-trial
management procedures exclude prison cases, and the Court will order discovery as appropriate.
See D.N.M.LR-Civ. 16.3(d) ("The following types of cases are excluded from pre-trial case
management procedures described in D.N.M.LR-Civ. 16 unless the parties request, or the assigned
Judge determines, that the case should be governed by this rule . . . Prisoner Petitions.").   Second,
the Court may not grant the MDJ at this time.   Defendants have not been served, and "an entry of

---

        [1]Martinez v. Montrose Sheriff's Department is an unpublished opinion, but the Court can
rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.
See 10th Cir. R. 32.1(A)("Unpublished opinions are not precedential, but may be cited for their
persuasive value.").   The Tenth Circuit has stated:

        In this circuit, unpublished orders are not binding precedent, . . . and we have
        generally determined that citation to unpublished opinions is not favored.
        However, if an unpublished opinion or order has persuasive value with respect to a
        material issue in a case and would assist the court in its disposition, we allow a
        citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).   The Court finds
that Martinez v. Montrose Sheriff's Department; White v. Utah, 5 F. App'x 852 (10th Cir.
2001)(unpublished); and Aston v. Cunningham, No. 99-4156, 2000 WL 796086 (10th Cir. June
21, 2000)(unpublished), have persuasive value with respect to a material issue, and will assist the
court in its disposition of this Memorandum Opinion and Order.

default against [a defendant], before it had any obligation to file an answer, would have been incorrect as a matter of law." Ashby v. McKenna, 331 F.3d 1148, 1152 (10th Cir. 2003). The Court will deny these motions.

IT IS ORDERED that: (i) the Plaintiff's Motion to Produce Discovery and Request for Scheduling Order, filed August 25, 2014 (Doc. 7), and the Plaintiff's Motion for Default Judgement [sic] 4-33 For No Answer or Motion Response to Complaint, filed September 17, 2014 (Doc. 10), are denied at this time without prejudice to renew, if appropriate; (ii) Plaintiff Kevin Joseph Foti's claims against Defendants Bernalillo County and Metropolitan Detention Center are dismissed, and these Defendants are dismissed as parties to this action; and (iii) the Clerk is directed to issue notice and waiver of service forms, with copies of Foti's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed July 23, 2014 (Doc. 1), and this Order, for Defendants Vigil, Zdynek, Swisstack, and CHC Medical Services.

_____
UNITED STATES DISTRICT JUDGE

*Party*:

Kevin Joseph Foti
Metropolitan Detention Center
Albuquerque, New Mexico

*Plaintiff pro se*